IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOSEPH F. WEAVER, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL NO. 2:17-CV-388 |
| | § | |
| ERICK ECHEVARRY, *et al*, | § | |
| | § | |
| Defendants. | § | |

# ORDER

Before the Court is Defendants Susanna Corbett (Corbett) and Irene Benavides Soliz's ("Soliz" or "Cussins")[1] Motion to Dismiss, Dkt. No. 14; Plaintiff Joseph F. Weaver's ("Weaver") Answer to Defendants Susanna Corbett and Irene B. Cussins' Motion to Dismiss, Dkt. No. 16; Defendant Erick Echavarry's ("Echavarry") Motion for Judgment on the Pleadings, Dkt. No. 18; Weaver's Memorandum in Response to Defendant's Motion for Judgment on the Pleadings, Dkt. No. 19; the July 19, 2018, Memorandum and Recommendation ("M&R") of the Magistrate Judge to whom this case was referred, Dkt. No. 20; and Petitioner's objections to the M&R, Dkt. No. 24.

## I. Weaver's Objections

The Court reviews objected-to portions of the Magistrate Judge's proposed findings and recommendations de novo. 28 U.S.C. § 636(b)(1). In regard to Defendant Echavarry, the M&R's recommendation is that the Court should grant Echavarry's Motion for Judgment on the Pleadings. Dkt. No. 20. The M&R reads as follows:

> In his complaint, Plaintiff asserts that Defendant Echavarry is a mid-level medical provider who, on January 7, 2016, removed Plaintiff's cast and replaced it. He also told Plaintiff that he would have a surgery appointment the following week, but plaintiff was never called for the appointment (D.E. 1

---

[1] Irene Cussins' name has changed to Irene Benavides Soliz, Dkt. No. 14 n.1. However, because she is referred to as "Cussins" in the documents related to the case, she will continue to be referred to as "Cussins" to avoid confusion.

at ¶17). Plaintiff makes no other allegations against Echavarry. In his Step 1 Grievance, Plaintiff stated that Echavarry rewrapped his wrist which made his fingers turn blue (Ex. J to Compl., D.E. 1 at p. 11). In response to the motion to dismiss, Plaintiff makes the conclusory allegation that Echavarry and the other defendants failed to provide adequate medical care because they unnecessarily delayed treatment of his serious medical condition, but he does not make additional factual allegations against Echavarry.

> Plaintiff has failed to allege facts that connect Echavarry to his complaints of delayed medical treatment. He alleges that Echavarry provided some medical care to him, albeit in a way that he claims caused him additional pain. He also alleges that Echavarry told him a surgery appointment was scheduled but that he was never called for it. These facts do not state a claim for deliberate indifference based on failure to provide medical care, or causing a delay in receipt of medical care. Accordingly, it is recommended that Plaintiff's claims against Echavarry be dismissed under Federal Rule of Civil Procedure 12(c).

Dkt. No. 20 at 15-16.

Weaver objects to the M&R, stating that

> This is not a disagreement about recommended medical treatment which generally is not sufficient to show Deliberate indifference, but the denial of recommended medical treatment, which "is often sufficient to show Deliberate indifference." See; **Carlucci v. Chapa**, 884 F.3d 534, 538 (5th Cir. 2018).
> Plaintiff in his response to Echavarry's 12 (c) motion explained and showed that the necessary treatment was determined and recommended by an emergency doctor who reviewed the X-ray of Plaintiff's shattered wrist. Echevarry denied this treatment not just delayed it.

Dkt. No. 24 at 2.

Weaver alleges that he fell on December 26, 2015, while working in the kitchen, injuring his right hand. Dkt. No. 1. He was then taken to a local hospital in Beeville where an ex-ray showed a shattered right wrist. *Id.* His hand was placed in a temporary cast, and he was scheduled for surgery the following week which the hospital later cancelled due to the holidays. *Id.* Weaver claims that he was not treated or taken to the hospital again until 76 days later during which time his hand healed improperly on its own. *Id.* On January 7, 2016 Echavarry saw Weaver to remove the temporary cast and re-dress it. *Id.* It was at that time that

he indicated that Weaver was scheduled for surgery the following week although Weaver was not called. *Id.*

Weaver states in his objections that Echavarry "failed to complete his responsibility to ensure that Plaintiff [would] be transported to the hospital," thereby denying him his medical care. Dkt. No. 24. Weaver alleges that Echavarry failed to notify the TDCJ Administration of the date and time of the scheduled surgery and then failed to ensure that Weaver "left the unit . . . en-route to the hospital." *Id.* Echavarry's failure to ensure that the proper measures were taken on Weaver's behalf resulted in a 76-day delay in medical treatment. *Id.* This left Weaver with a right hand that was "partially crippled, deformed, [and] with limited use." *Id.*

This Court agrees that the facts as plead sufficiently connect Echavarry to Weaver's complaints of deliberate indifference and that such indifference possibly resulted in substantial harm. After independently reviewing the record and considering the applicable law, the Court **ADOPTS** the M&R in part and denies it in part, Dkt. No. 20. The Court hereby **DENIES** Defendants Susanna Corbett and Irene Benavides Soliz's Motion to Dismiss, Dkt. No. 14, and **DENIES** Defendant Erick Echavarry's Motion for Judgment on the Pleadings, Dkt. No. 18.

SIGNED this 26th day of March 2019.

_____
Hilda Tagle
Senior United States District Judge