United States District Court
Southern District of Texas
**ENTERED**
February 20, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOSEPH F. WEAVER, | § | |
| Plaintiff, | § § § | |
| VS. | § | CIVIL NO. 2:17-CV-388 |
| ERICK ECHAVARRY, *et al*, | § § § | |
| Defendants. | § § | |

# ORDER

The Court is in receipt of the Magistrate Judge's Memorandum and Recommendation ("M&R") to Deny Defendant Echavarry's Motion for Summary Judgment, Dkt. No. 53. The Court is also in receipt of Defendant Erick Echavarry ("Echavarry") Objections to the M&R, Dkt. No. 55. For the reasons discussed below the Court **ADOPTS** the M&R.

## I. M&R

The Magistrate Judge proposed the Court conclude that Echavarry is not entitled to qualified immunity and recommended denying his summary judgment motion, Dkt. No. 46, regarding Plaintiff Joseph F. Weaver's ("Weaver") deliberate indifference claim against Echavarry. Dkt. No. 53 at 20. The Magistrate Judge recommends this Court conclude that based on the competent summary judgment evidence fact issues exist regarding whether Echavarry's conduct was reasonable. Dkt. No. 53 at 20-21.[1]

The Court reviews objected-to portions of a Magistrate Judge's proposed findings and recommendations de novo. 28 U.S.C. § 636(b)(1). But if the objections are frivolous, conclusive or general in nature the court need not conduct a de novo review. *Battle v. United States Parole Comm'n*, 834 F.2d 419 (5th Cir. 1987).

---

[1] The M&R mistakenly refers to Echavarry as Corbett on page 20, the Court does not adopt this statement and instead substitutes in Echavarry's name. Dkt. No. 53 at 20.

Echavarry objects on the grounds that "there is no clearly established law or evidence that Plaintiff's transportation to Galveston in March 2016 versus January 2016, or Defendant's involvement therein, rises to the level of a constitutional violation at all." Dkt. No. 55 at 2. Echavarry further objects that the M&R improperly focuses on the lack of evidence concerning transportation of inmates to find potential liability while ignoring a "wealth" of evidence demonstrating Echavarry's proper treatment of Weaver and attempts to facilitate transportation. *Id.*

## II. Analysis

The Magistrate Judge adequately addresses all of Echavarry's objections in the M&R, the objections also rehash issues already raised in the briefing of the summary judgment motion. *See Battle*, 834 F.2d 419; Dkt. No. 46.

Echavarry's objects "that there is no clearly established law or evidence" that Weaver's treatment and transportation rises to the level of a constitutional violation at all. Echavarry cites *Lincoln v. Turner* for the proposition that that the burden is on the Plaintiff to demonstrate the relevant law is clearly established. *See* Dkt. No. 55 at 2; *Lincoln v. Turner*, 874 F.3d 833, 849 (5th Cir. 2017). First, Echavarry's objection conflates the standards of law and fact that are employed in a summary judgment motion. *See* Dkt. No. 55 at 2. As the Magistrate Judge states: "Summary judgment is proper if there is *no genuine issue as to any material fact* and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a)." Dkt. No. 53 at 10 (emphasis added). While regarding qualified immunity the Magistrate Judge clearly states the burden and standard required:

> "The usual summary judgment burden of proof is altered in the case of a qualified immunity defense. *See Michalik v. Hermann*, 422 F.3d 252, 262 (5th Cir. 2005). When a government official has pled the defense of qualified immunity, the burden is on the plaintiff to establish that the official's conduct violated clearly established law. *Id.*" Dkt. No. 53 at 12.

Employing these standards, the Magistrate Judge demonstrates how Weaver had satisfied the first and second steps of his burden to show clearly established law and a genuine issue of material fact concerning the reasonableness of the officials conduct as required to defeat a qualified immunity defense. Dkt. No. 53 at 12; *see Bazan v. Hidalgo County*, 246 F.3d 481, 490 (5th Cir. 2001). The Magistrate Judge explains the clearly established constitutional right of the Eighth Amendment's protection from cruel and unusual punishment, the doctrine of deliberate indifference, and how a wanton delay in medical care that causes substantial harm meets this standard. Dkt. No. 53 at 14-15. The Magistrate Judge states at length how a reasonable prison official would have known that an over seventy day delay in medical treatment to a person in severe pain with broken bones is unlawful. Dkt No. 53 at 18-19; *see Hope v. Pelzer*, 536 U.S. 730, 739 (2002); *Easter v. Powell*, 467 F.3d 459, 464 (5th Cir. 2006).

> "Based on the evidence presented before the Court, a jury could find that Defendant Echavarry acted with deliberate indifference to Plaintiff's serious needs by failing to ensure him timely transportation to the Hospital Galveston and that such actions resulted in both an unconstitutional delay in his medical care as well as substantial harm to him"

Dkt. No. 53 at 19.

Echavarry objects that the M&R ignores his proper treatment of Weaver and attempts to facilitate transportation to additional care. Dkt. No. 55 at 2. He objects that: "[t]here is no basic evidence of any duty of Defendant to physically have Plaintiff transported anywhere." Dkt. No. 55 at 3. This assertion is made without citation. *See id.* The Magistrate Judge addressed Echavarry's duty of care as a medical provider to ensure treatment and Echevarry's failure to produce evidence demonstrating the absence of such a duty:

> "Defendant Echavarry argues that he initiated Plaintiff's scheduled treatment at the Hospital Galveston for his right hand fracture. He makes no argument with regard to whether he had any control over Plaintiff's transportation to the hospital. The summary judgment record is devoid of evidence outlining and explaining the process by which injured inmates are scheduled for surgery and brought to the surgical center. It is reasonable to

infer that it would be the medical provider's responsibility to ensure that the inmate's medical needs are addressed."
Dkt. No. 53 at 17.

Finally, Echavarry objects that Weaver is not being held to a "basic evidentiary burden beyond mere self-serving assertions." Dkt. No. 55 at 4 (citing *Tyler v. Cedar Hill Indep. Sch. Dist.*, 426 Fed. Appx 306, 309 (5th Cir. 2011)). The Magistrate Judge correctly states the standard for evidence that can be considered in summary judgment and applies the standard to the evidence before the Court. *See* Dkt. No. 53 at 3-4. The Magistrate Judge states that the "verified complaint and sworn interrogatory answers of the *pro se* litigant can be considered as summary judgment evidence *to the extent that such pleadings comport with the requirements of current Rule 56(c).*" Dkt. No. 53 at 3 (citing *Mengele v. AT&T Servs. Inc.*, No. 3:15-cv-3934, 2017 WL 3835871, at *3 (N.D. Tex. Aug. 9, 2017)); *see King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (citing the same proposition). The Magistrate Judge writes: "The undersigned, therefore, will not consider parts of Plaintiff's verified complaint that are not made on personal knowledge or that would be inadmissible in evidence. See Fed. R. Civ. P. 56(c)(4)." Dkt. No. 53 at 4.

The Magistrate Judge reviewed the summary judgment evidence that met the Rule 56 standard including: Weaver's verified complaint; Weaver's affidavit and medical records, and the evidence submitted by Echavarry in support of his motion for summary judgment. Dkt. No. 53 at 4-10. This thorough review of the summary judgment evidence was consistent with the appropriate legal standard and was not based on "mere self-serving assertions" of Weaver. *See id.*; Dkt. No. 55 at 4; *Tyler*, 426 Fed. Appx at 309.

### III. Conclusion

After independently reviewing the record and considering the applicable law the Court **ADOPTS** the Memorandum and Recommendation, Dkt. No. 53. For the reasons discussed above, the Court **OVERRULES** Defendant's objections, Dkt. No.

55. The Court hereby **DENIES** Defendant's Motion for Summary Judgment, Dkt. No. 46.

SIGNED this 19th day of February, 2020.

_____
Hilda Tagle
Senior United States District Judge