UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOSEPH F. WEAVER,<br>    Plaintiff,<br><br>v.<br><br>ERICK ECHAVARRY, et al.,<br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§ | C.A. No. 2:17-CV-388<br>**JURY DEMANDED** |

## JOINT PRETRIAL ORDER

1.  **Appearance of Counsel**.

**Plaintiff:**  Joseph F. Weaver

**Attorneys for Plaintiff:**  **John MacVane (Attorney-in-Charge) and Rachel Lewis**

1401 McKinney Street, Suite 2250
Houston, Texas  77010
Telephone:  (713) 652-9000
**CELL PHONE**:  (713) 489-2935
Facsimile:  (713) 652-9800
Email:   JMacVane@rustyhardin.com
              RLewis@rustyhardin.com

**Defendants:**  **Erick Echavarry and Susanna Corbett**

**Attorney for Defendants:**  **Christopher Lee Lindsey**
Assistant Attorney General
Attorney-in-Charge

P.O. Box 12548, Capitol Station
Austin, Texas  78711
Telephone:  (512) 463-2157
Facsimile:  (512) 370-9314
Email: Christopher.Lindsey@oag.texas.gov

2.  STATEMENT OF THE CASE.

    The Plaintiff, Joseph Weaver, broke his arm while a prisoner in a Texas State Prison. Mr. Weaver alleges that the Defendants, Erick Echavarry and Susanna Corbett, who were acting under the color of law as employees of the State of Texas violated his Eighth Amendment right to be free of cruel and unusual punishment by failing to ensure Mr. Weaver's transportation for the medical treatment that his broken arm required.

    Mr. Echavarry and Ms. Corbett deny that they violated Mr. Weaver's rights.

3.  JURISDICTION.

    The Court has federal question jurisdiction over this civil action pursuant to 28 U.S.C. § 1331 because Mr. Weaver's action arises under a law of the United States, specifically 42 U.S.C. §§ 1983 and 1988.

    The parties agree that this Court has jurisdiction over this action.

4.  MOTIONS

    ### *Weaver's Motion for Leave to Amend*

    Mr. Weaver has moved to amend his complaint to place additional emphasis on his claim for punitive damages. Mr. Weaver contends that the complaint he initially filed sufficiently pleaded punitive damages, and he also disclosed that he sought punitive damages in initial disclosure served after the Court appointed counsel. The defendants nonetheless contend that Mr. Weaver failed to adequately plead punitive damages and oppose submission of punitive damages to the jury on this basis.

    ### *Unopposed Mr. Weaver's Motion for Writ of Habeas Corpus ad Testificandum and to Attend Trial in Civilian Clothes*

    Mr. Weaver has filed a motion for a writ of habeas corpus to ensure his transportation for trial and that the Court permit him to wear civilian clothes instead of his prison garments at trial. This motion is unopposed.

    ### *Motions in Limine*

    The parties may file motions in limine related to disputed evidentiary issue before the pretrial conference.

5.  CONTENTIONS OF THE PARTIES.

    Mr. Weaver contends that Defendants Echavarry and Corbett, acting under color of the laws of the State of Texas, were deliberately indifferent to his serious medical needs in violation of his rights under the Eighth Amendment to the Constitution, as applied to the State of Texas under the Fourteenth Amendment.

>   Defendants contend that they were not deliberately indifferent to Plaintiff's needs, and took actions reasonably expected of them to enable and ensure that Plaintiff received necessary medical care. Defendants contend that their actions were objectively reasonable under the circumstances, with the information they possessed, and in light of settled law. Defendants contend that regardless of any failure to provide Plaintiff with medical care, Plaintiff's damages are wholly mitigated by his natural healing and his voluntary refusal to receive the medical care of which he claims to have been deprived.

6.  ADMISSIONS OF FACT

    The Defendants admit that they were acting under color of State law with respect to their relevant actions in this case.

7.  CONTESTED ISSUES OF FACT.

    The parties dispute whether the Defendants' actions in this case rise to the standard of deliberate indifference to Plaintiff's medical needs under the Eighth Amendment and the cases interpreting it.

    The parties dispute whether Defendants' actions were objectively reasonable in light of settled law, and whether Defendants are thus entitled to qualified immunity.

8.  AGREED PROPOSITIONS OF LAW.

    The parties agree that the law related to deliberate indifference in the context of denial of medical treatment applies to this case.

9.  CONTESTED PROPOSITIONS OF LAW.

    The parties disagree on the following propositions of law:

    1.  *Punitive damages*

        Whether the plaintiff's *pro se* complaint adequately pleaded punitive damages, or alternatively, whether the plaintiff should be granted leave to amend to more specifically request this relief. The plaintiff contends that he has adequately pleaded punitive damages, and that the evidence at trial will support the award of punitive damages. The defendant contends that punitive damages have not been adequately pleaded and are not supported by the evidence. This is the subject of a pending motion.

    2.  *Qualified immunity*

        Whether the evidence supports the defense of qualified immunity. The plaintiff contends that the doctrine of qualified immunity does not apply in this case because there is no colorable argument that the defendant's failure to attend to his medical needs could have stemmed from a misunderstanding of their constitutional obligations. If the defendants misunderstood their *medical* or

*administrative* obligations to ensure plaintiff's treatment, the plaintiff contends this would arguably be a defense to deliberate indifference, but not a basis for qualified immunity. Defendant believes that the doctrine of qualified immunity does apply and that there will be evidence that any deliberate indifference by the defendants resulted from a good faith misunderstanding of their constitutional obligations.

3. ***Defendants' deposition excerpts***

    Whether the plaintiff can pre-admit video deposition excerpts of the defendants' depositions—which are anticipated to be less than 20 minutes each—under Rule 32(a)(3). The defendants oppose playing their own sworn testimony because they believe it would be "repetitious or immaterial matter" and a "useless encumbrance of the record." The plaintiff contends that playing the deposition excerpts will streamline the testimony at trial and that Rule 32(a)(3) expressly permits use of an adverse party's deposition "for any purpose." The plaintiff also contends that clarifying the scope of undisputed facts early on by playing the defendants' deposition testimony will assist the jury in framing the case.

4. ***Jury charge***

    In addition to the substantive disagreements impacting the charge described above, the parties are also working through the charge language generally. The parties anticipate streamlining their disagreements about other aspects of the Court's charge in advance of the pretrial conference, and obviously, the charge conference.

10. EXHIBITS

    The parties' exhibit lists are attached.

11. WITNESSES

    The parties' witness lists are attached.

12. SETTLEMENT

    All settlement efforts have been exhausted. The case cannot be settled, and it will have to be tried.

13. TRIAL

    A.  The parties anticipate the probable length of trial to be 3 days.

    B.  The parties are aware of the following logistical problems:

    - Mr. Weaver is currently an inmate with the Texas Department of Criminal Justice and will require a writ ordering his transportation to court for the trial.

14. ATTACHMENTS

    A.
    
    (1) Proposed questions for the voir dire examination are attached. **The parties jointly request, however, that the Court permit them to voir dire the jury**.

    (2) Proposed charge, including instructions, definitions, and special interrogatories, with authority.

    (3) Plaintiff's deposition excerpts. The excerpts of witnesses Jose Chapa and Isaac Kwarteng are unobjected to. The defendants object to the excerpts of their own deposition testimony altogether because they contend that, since they will testify at trial, introduction of the deposition recordings will be repetitious or immaterial and a useless encumbrance of the record.

Date: _____
UNITED STATES DISTRICT JUDGE

**APPROVED:**

Date: March 25, 2021                /s/ *John MacVane*
                                    John MacVane
                                    Court-Appointed Attorney for Plaintiff
                                    Texas State Bar No. 24085444
                                    Southern District of Texas No. 2209776
                                    1401 McKinney Street, Suite 2250
                                    Houston, Texas 77010
                                    Telephone: (713) 652-9000
                                    **CELL PHONE**: (713) 489-2935
                                    Facsimile: (713) 652-9800
                                    Email: JMacVane@rustyhardin.com

Date: March 25, 2021                **KEN PAXTON**
                                    Attorney General of Texas
                                    **JEFFREY C. MATEER**
                                    First Assistant Attorney General
                                    **DARREN L. McCARTY**
                                    Deputy Attorney General for Civil Litigation
                                    **SHANNA E. MOLINARE**
                                    Assistant Attorney General
                                    Chief, Law Enforcement Defense Division


                                    /s/ *Christopher Lee Lindsey*
                                    **CHRISTOPHER LEE LINDSEY**
                                    Assistant Attorney General
                                    Attorney-in-Charge
                                    State Bar No. 24065628
                                    Southern District of Texas No. 1021745
                                    P.O. Box 12548, Capitol Station
                                    Austin, Texas 78711
                                    Telephone: (512) 463-2080
                                    Facsimile: (512) 495-9139

                                    **ATTORNEYS FOR DEFENDANT ECHAVARRY**

**CERTIFICATE OF SERVICE**

I certify that on March 25, 2021, a true and correct copy of the foregoing has been electronically submitted and served in accordance with upon counsel of record by ECF.

                                    */s/ John MacVane*
                                    JOHN MACVANE

6